WOODY *v.* THE STATE OF OHIO. (No. 3458.)

NEMCIK *v.* THE STATE OF OHIO. (No. 3499.)

EMRE *v.* THE STATE OF OHIO. (No. 3526.)

MARCINSKI *v.* THE STATE OF OHIO. (No. 3516.)*

*Criminal law—Intoxicating liquors — Unlawful possession — Allegations and proof of alcoholic content — Sections 6212-14 and 6212-15, General Code — Negative averments of lawful possession — Validity of "John Doe" search warrants — Kitchen as part of "private dwelling" — Sufficiency of affidavits — Jurisdiction — Plea of guilty to defective affidavit.*

1. In an affidavit for violating the so-called Crabbe Act, which charges the defendant with being in possession of any one of the kinds of intoxicating liquor specifically enumerated in Section 6212-14, General Code, the naming of the article which is said to be intoxicating is sufficient in law to charge the party with having in his possession intoxicating liquor within the meaning of the act without alleging that it contains one-half of one per cent. of alcohol and is fit for beverage purposes.

2. In such case it is not necessary that the affidavit set up that the liquor was not possessed for what might be a lawful purpose as described in Sections 6212-14 and 6212-15, General Code.

3. It is not a violation of a constitutional right to issue a search warrant under the Crabbe Act upon an affidavit which names "John

*REPORTER'S NOTE — Reversed, *State* v. *Marcinski,* 103 Ohio St., 613.

Doe" as the occupant of the premises to be searched, where the premises are described with particularity and after the liquor is taken under the warrant a subsequent affidavit is filed charging the true defendant with the unlawful possession of the liquor.

4. A kitchen is not part of a "private dwelling" within the meaning of Section 4 of the Crabbe Act, which is located on the ground floor of a building, the front part of which is a restaurant and soft drink place, the family living upstairs, and the kitchen being used to cook food for the restaurant, although the family, who might have eaten in the dining room, carry their food through the dining room to the restaurant.

5. An affidavit which charges defendant with having in his possession cider, designated for the manufacture of liquor in violation of law, does not charge an offense under the Crabbe Act, where such affidavit does not state that the liquor contains at least one-half of one per cent., or more, of alcohol, by volume, which is fit for beverage purposes.

6. An affidavit charging defendant with having in his possession intoxicating liquor, and that such possession was prohibited and unlawful, does not charge a crime under the Crabbe Act.

7. Where the affidavit does not charge an offense, a subsequent plea of guilty does not give the court jurisdiction to render judgment against such defendant.

(Decided February 26, 1921.)

ERROR:   Court of Appeals for Cuyahoga county.

*Mr. William Gordon,* for plaintiff in error.
*Mr. A. L. Kreisberg,* for defendant in error.

VICKERY, J.   All of these cases come into this court on petition in error, under the so-called Crabbe Act, recently passed by the legislature of the state of Ohio.   As the questions are in many respects the same, the cases will be treated together, and where it is necessary to differentiate, a distinction will be made with respect to the individual case

in the particular in which it differs from the other cases.

With the exception of No. 3516, *Marcinski* v. *State,* they all come into this court on petition in error to the criminal branch of the municipal court of the city of Cleveland, and by the proceedings it is sought to reverse convictions under said act, obtained in the municipal court. *Marcinski* v. *State,* No. 3516, comes into this court from the mayor's court of the village of Berea, Cuyahoga county.

The affidavits in case No. 3499, *Nemcik* v. *State,* and in case No. 3458, *Woody* v. *State,* charge the separate defendants with having certain intoxicating liquors, to-wit, whiskey, etc., in their possession, under the Crabbe Act. It will be necessary to construe this act in order to have a proper understanding of the matter in hand. Section 2 of the act (Section 6212-14, General Code), in which the terms "liquor" and "intoxicating liquor" are defined, provides:

"In the interpretation of this act (1) the word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine * * *."

Now this we conceive to be one division of this section of the act — defining the word "liquor" and the phrase "intoxicating liquor." Other sections of the act (Sections 6212-15 and 6212-17, General Code) provide that whoever shall possess unlawfully or have in his possession intoxicating liquor, shall be fined, etc.

Now in the affidavits in the first two of the cases herein disposed of, viz., Nos. 3458 and 3499, *Woody* v. *State* and *Nemcik* v. *State,* the defend-

ants are charged with having in their possession certain intoxicating liquor, to-wit, alcohol in the one case, and whiskey in the other, and it is contended that these affidavits are not sufficient in law because they do not assert that said alcohol or whiskey was fit for beverage purposes or contained one-half of one per cent. or more of alcohol by volume, and it is therefore claimed that the affidavits do not charge an offense.

We think that the phrase "containing one-half of one per cent. or more of alcohol by volume, which is fit for use for beverage purposes" does not apply to that part of Section 2 wherein it is stated that "liquor" and the phrase "intoxicating liquor" shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, but relates to a subsequent part of that section hereinafter to be referred to, and we hold that when the affidavit charges the defendant with being in possession of any one of the described kinds of intoxicating liquors, to-wit, alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, that the name of the article which is said to be intoxicating in the section is sufficient in law to charge the party with having in his possession intoxicating liquor within the meaning of the act without alleging that it contains one-half of one per cent. of alcohol and is fit for beverage purposes.

It is argued likewise, in all of these cases, that the affidavit should negative that part of Section 2 (Section 6212-14, General Code) which provides:

"That the foregoing definition shall not extend to de-alcoholized wine, nor to any beverage or liquid produced by the process by which beer, ale, porter,

or wine is produced, if it contains less than one-half of one per centum of alcohol by volume, and is made as prescribed in Section 37, Title II of the Act of Congress known as the 'National Prohibition Act' passed October 28, 1919."

And that it should also negative that provision in Section 3 (Section 6212-15, General Code) which provides:

"Liquor, and liquor preparations and compounds for non-beverage purposes, and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished, received, given away, possessed, prescribed, solicited and advertised, but only in accordance with the provisions of Title II of the act of Congress known as the 'National Prohibition Act', passed October 28, 1919."

In other words, it is claimed that the affidavit is not sufficient because it does not set up that this liquor was not possessed for what might be a lawful purpose as described in these sections of the act, above referred to. We do not think that this is necessary, based on the following authorities:

In *State* v. *Hutchinson,* 55 Ohio St., 573, the supreme court held:

"The proviso contained in section 3, of pure food laws of the state, as amended April 22, 1890, (87 Laws, 248), applies to the whole act, and is not descriptive of any particular offense therein defined; and, for such reason, a negative averment of the facts within the *proviso,* is not required in an affidavit charging an offense against the act; but the facts may be offered in evidence as a defense under the plea of not guilty."

In this case, Judge Minshall, in his opinion, at page 575, says:

"Section 3 of the act contains this provision: 'Provided, that the provisions of this act shall not apply to mixtures or compounds recognized as ordinary articles or ingredients of articles of food, if each and every package sold or offered for sale be distinctly labeled as mixtures or compounds with the name and per cent. of each ingredient therein, and are not injurious to health.' "

After quoting this proviso, Judge Minshall then goes on to say:

"It is claimed by the defendant that, in any event, the conviction was properly reversed, because the affidavit did not negatively aver that the beer so sold is an ordinary article of food, and that each package sold was distinctly labeled as a mixture or compound with the name and per cent. of each ingredient therein, and is not injurious to health. On examination it will be found, that the proviso in the statute, on which this argument is based, applies to the whole act, and is not made descriptive of any particular offense made punishable by it. It was not, therefore, necessary that the affidavit should have contained the negative averments as claimed by the defendant."

The same doctrine is held in *Seville* v. *State,* 49 Ohio St., 117, and other authorities of like import.

It seems from these authorities, and many others which we have examined, that if, from the *description* or definition of the offense, the selling or possessing of the liquor might be legal, it would then be necessary that the affidavit contain negative averments, but inasmuch as the lawful purposes are

contained in the *proviso* the offense is complete in charging one with the having in his possession liquor, etc. And then the statute providing, however, that in certain events the having of liquors may be legal, this makes it a matter of defense and the burden is upon the defendant to come in and show that his having the liquor in his possession is within the proviso and he is therefore not guilty of the offense. It is urged that this throws the burden of proof upon the defendant, but it will be noted that the offense claimed, which is violation of the law, is complete by making the charge "that he had in his possession the liquor," etc., stating where such liquor was found or in what sort of a building, or where he had it in his possession. Now the offense being complete as charged, of course if the defendant wishes to avail himself of the proviso, he must bring himself within that proviso in his defense.

In case No. 3458, *Woody* v. *State,* it is further claimed that the affidavit for a search warrant was not the proper affidavit. Upon an examination of the affidavit for a search warrant, it will be noticed that it described the place to be searched with particularity. It is true it named John Doe as the one who was in the occupancy of the premises, yet after the search warrant was obtained and the liquor taken under such search warrant a subsequent affidavit was filed charging the true defendant, Andrew Woody, with being in possession of the liquor therein described. It is claimed that the issuing of this search warrant under such circumstances was a violation of one's constitutional rights. We cannot accede to this doctrine. Of course it would

have been error to have gone forward in this case
and tried anybody for the crime of having liquor
in his possession unless an affidavit or a charge of
some kind was filed against him.

It is further claimed in this case that this liquor
being taken from the residence of the defendant
by an illegal search warrant, it could not be used
as evidence, and it is claimed that this liquor was
taken from the kitchen of the defendant, and there-
fore illegally taken, and was not proper evidence
after a demand had been made for its return, and
it is claimed that this demand was made in a plea
of abatement in due season, which plea was over-
ruled.  The record in this case shows that in the
front part of this so-called dwelling-house was a
restaurant and soft-drink place; that the family
lived upstairs, but had their kitchen downstairs;
that the kitchen was being used to cook food for
the restaurant; and that the family might have
eaten in the dining room, but the food was carried
through the dining room to the restaurant, and off
of the dining room was a side room containing
receptacles for soft drinks and other things.

The legislature has seen fit in the Crabbe Act to
define what shall be regarded as a residence.  In
Section 4 (Section 6212-16, General Code) is the
following language:

"No search warrant shall issue to search any
private dwelling occupied as such unless it is being
used for the unlawful sale of intoxicating liquor,
or unless it is in part used for some business pur-
pose such as store, shop, saloon, restaurant, hotel or
boarding house.  The term 'private dwelling' shall

be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

It will be noticed that this so-called dwelling house was not solely used by the defendant for a residence, but was partly used for restaurant purposes, and it comes within the description contained in the Crabbe Act where a search of such premises is legal and valid. If the search was confined to that part of the building not solely used for a dwelling house, and the liquor was found therein, the searchers having a proper search warrant and searching property that was not immune from search, and obtaining liquor, the plea in abatement was not well taken and the court did right in refusing the plea and refusing to return the liquor.

Taking all these matters together, we think the court committed no error in finding the defendant guilty, and the judgment in case No. 3458, *Woody* v. *State,* will, therefore, be affirmed.

What we have said in this case applies with equal force to No. 3499, *Nemcik* v. *State.* In that case there was no search warrant, but the charge was as contained in the affidavit, that the defendant, "Frank Nemcik, then and there being, was unlawfully, during the time aforesaid, the keeper of a certain place located at Number 3721 Lakeside Avenue in said City, where intoxicating liquors, to-wit, whiskey, was in his possession in violation of the law." It was claimed that there was not suffi-

cient evidence; but one policeman got on the witness stand and testified to the facts in the case, as to where he found the whiskey, and that it was whiskey, and another policeman was ready to testify, when it was admitted in open court by the defendant that such policeman would so testify, and nowhere in the record did the defendant deny any of the statements or testimony of the policeman. We therefore hold that in the *Nemcik case* the affidavit charged an offense, as we have outlined above, and that there was sufficient evidence to warrant the court in coming to the conclusion that it did, and that judgment will, therefore, be affirmed.

Coming now to the last two cases, No. 3526, *Emre* v. *State,* and No. 3516, *Marcinski* v. *State,* it takes us to the second part of Section 2 of the Crabbe Act. It will be noticed that in case No. 3526, the affidavit states that "John Emre did unlawfully have in his possession a certain property, to-wit, cider, designed for the manufacture of liquor, in violation of law, at 5500 St. Clair Avenue, contrary to the form of the statute in such case made and provided."

That brings us to what we conceive to be the second division of Section 2 (Section 6212-14, General Code), that part which, after naming certain specific articles as intoxicating liquors, reads:

"And in addition thereto any distilled, spirituous, malt, vinous, or fermented liquor, and also any liquid or compound whether or not same is medicated, proprietary, or patented, and by whatever name called, containing one-half of one per cent. or

more of alcohol by volume *which is fit for use for beverage purposes."*

Now cider is not named as one of the specific articles among intoxicating liquors mentioned in the first part of Section 2 of this act, therefore it comes under this part of this section of the act, and the mere fact that one might have cider in his possession is not in violation of this act, unless it is cider which has reached such a stage of fermentation as to contain the required percentage of alcohol, which liquid in this state is fit for beverage purposes. We think that in order to charge an offense under this part of the statute, where they charge the having possession of certain liquids coming under this part of the statute, to bring it within the law and make a man guilty of an offense, or to charge him with an offense, it must be stated in the affidavit that said liquid contains at least one-half of one per cent. or more of alcohol, by volume, *which is fit for beverage purposes.* The affidavit in the case in question not having contained these provisions, it did not charge any offense within the meaning of the Crabbe Act, and therefore the judgment of the court was erroneous. For this reason the case will be reversed.

Coming now to No. 3516, *Marcinski v. The State,* much the same question is involved as in the preceding case, with an additional question which will be taken up later.

The affidavit charged "that on or about the 18th day of December, 1920, in the county of Cuyahoga, State of Ohio, one Harry Marcinski did then and there possess intoxicating liquor; that the possess-

ing of intoxicating liquor as aforesaid by the said Harry Marcinski was then and there prohibited and unlawful," etc.   Nowhere did it describe the kind of liquor it was.   It says "intoxicating liquor."   It is true they say it was prohibited and unlawful; but that we conceive to be a mere conclusion, and, therefore, no crime was charged under the act under discussion.

There is a further question in this case.   The record shows that Marcinski was arrested late on Saturday night and was taken before the mayor of the village of Berea, and there entered a plea of guilty.   There is some dispute as to the circumstances of this plea, but that matter is immaterial from the view we take of this case.   Inasmuch as the affidavit did not charge an offense under the Crabbe Act, the court had no jurisdiction in the matter and there was nothing to which the defendant could plead guilty.   It is claimed, however, that the plea of guilty waived this.

In the case of *Davis* v. *State,* 19 Ohio St., 270, the supreme court held that notwithstanding a plea of guilty the sentence must be reversed if the indictment be defective.

In other words the court held — and it is sustained in a number of cases — that if the affidavit does not charge an offense, or the indictment does not charge an offense, after conviction, if the case went to trial, it would be subject to a motion in arrest of judgment, and if a man plead guilty the same rule would obtain, because the affidavit having stated no crime as charged a mere plea of guilty, or

conviction, would not waive the right to have the matter reversed if no crime was as a matter of fact charged.   Therefore the argument that the plea of guilty foreclosed the defendant Marcinski from subsequently raising the question is not well taken. The affidavit in this case charged no offense, under the Crabbe Act, as we have already pointed out, so the subsequent plea of guilty did not give the court jurisdiction to render judgment; and a motion for a new trial having been filed, one of the grounds of which was based on the ground that the judgment of the court was contrary to law, and having been overruled and error having been prosecuted to this court, and this court having jurisdiction over the subject-matter, this court holds the judgment of the court below to be erroneous, and for this reason the case will be reversed.

*Judgments accordingly.*

WASHBURN, P. J., and INGERSOLL, J., concur.