## HUDSON v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Mar. 30, 1928.

Houck, J., of the 5th Dist., and Williams, J., of the 6th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**ERROR PROCEEDINGS**

(260 J2) Jurisdictional question, not raised in trial court, can not avail in error proceedings.

**CRIMINAL LAW**

(190 T2) Absence of accused, during a trial, when such absence was a matter of his own choice, held not to result in prejudicial error.

(190 E4) Permitting testimony of police officer relating to Aug. 7th, whereas charge in affidavit was Aug. 21st, not fatal variance.

**INTOXICATING LIQUOR**

(330 P) Proof that accused was in possession of beer, sufficient to support conviction of unlawful possession, notwithstanding failure to prove such beer was introxicating in character.

Error to Common Pleas.
Judgment affirmed.

D. F. Rendinell, Youngstown, for Hudson.
R. L. Thomas, Youngstown, for State.

STATEMENT OF FACTS

Plaintiff in error was charged before Robert Green, a justice of the peace in and for Green Township, this county, with a violation of Section 6212-15 GC. Error was prosecuted to the Court of Common Pleas of this county, where the judgment of the trial court was affirmed, and error is prosecuted here to reverse the judgment of both courts. The facts being familiar to all parties in interest, a further statement would be superfluous and unnecessary.

FARR, J.

The first assignment for error is that the justice of the peace did not have jurisdiction and therefore was without authority to try the cause below, in view of the principle announced in the case of Tumey v. State of Ohio, and also Williams v. State of Ohio. However, the jurisdictional question was not raised in the trial court and can not now avail.

Next, it is insisted that the trial court was guilty of prejudicial error in that it proceeded to hear the evidence in the case in the absence of the defendant and his counsel. The record discloses that the accused and his counsel stepped out on the porch and that while there the court proceeded with the examination of the first witness. The absence of the accused was voluntary upon his part and he could have returned at any time he saw fit so to do. At any rate, it was his business to be present when the case was called for trial, and since his absence was a matter of his own choice it did not result in prejudicial error to him in the court below.

Next, it is insisted that the trial court committed prejudicial error in permitting the evidence of the police officer to relate to the 7th day of August, whereas the charge in the affidavit was the 21st day of August. This variance was not fatal, for the reason that the vital issue to be determined was whether the charge could be sustained or not and the accused was not misled by the proof as admitted.

Next and last it is insisted that there was absolutely no evidence of the possession of intoxicating liquors by the accused. This is perhaps the most important issue in the case. It was proven that the accused was in the possession of beer, but it is claimed that it was not shown that it was intoxicating in character. However, as before stated, he was charged under the above section of the statute with the possession of intoxicating liquor which was proven to be beer, and which was sufficient, in view of the principle announced in Blatnik v. State, 33 App., 142, and especially in view of the case of Woody v. State of Ohio, 14 App., 342.

If any doubt remained in this behalf, it is set at rest by the observations of Mr. Justice Brandice in Ruppert v. Caffey, 351 U. S., 282, 283:

"In other words, it clearly appears that a liquor law, to be capable of effective enforcement, must, in the opinion of the legislatures and courts of the several states, be made to apply either to all liquors of the species enumerated, like beer, ale or wine, regardless of the presence or degree of alcoholic content; or if a more general description is used, such as distilled, rectified, spiritous, fermented, malt or brewed liquors, to all liquors within that general description regardless of alcoholic content."

Therefore, the conclusion must be that the conviction in this case was justified and for the reasons given the judgment is affirmed.

(Houck and Williams, J., concur.)